**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| HOLMES & BAHRE PAINT & BODY, INC. f/k/a HOLMES & BAHRE PAINT & BODY ENGINEERING, INC. | : : | CHAPTER 7 CASE NO.: 15-21045 (AMN) |
| Debtor. | : | |
| JOHN J. O'NEIL, JR., CHAPTER 7 TRUSTEE FOR THE ESTATE OF HOLMES & BAHRE PAINT & BODY, INC. f/k/a HOLMES & BAHRE PAINT & BODY ENGINEERING, INC. | : : : | ADV. PRO. NO.: |
| Plaintiff, | : | |
| v. | : | JUNE 7, 2017 |
| ON DECK CAPITAL, INC. | : | |
| Defendant. | : | |

**COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. §§549, RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.SC. §550 AND DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §550**

John J. O'Neil, Jr., Chapter 7 Trustee for Holmes & Bahre Paint & Body, Inc. f/k/a Holmes & Bahre Paint & Body Engineering, Inc.  Holmes & Bahre Paint & Body, Inc. (the "Plaintiff"), in support of this complaint (the "Complaint") to avoid and recover transfers against On Deck Capital, Inc., 1400 Broadway, 25th Floor, New York, New York 10018 (the "Defendant"), hereby alleges upon information and belief that:

**NATURE OF THE CASE**

1.     This Complaint seeks to avoid and recover from Defendant post-petition transfers of property post-petition by the Debtor to the Defendant pursuant to 11 U.S.C. §§549 and 550.

1

To the extent that Defendant has filed a proof of claim or has a claim listed on the Debtor's schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtor's Chapter 7 Estate, (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's or the Debtor's right to object to such Claims for any reason including, but not limited to, 11 U.S.C. §502 (a) through G) ("Section 502"), and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to Section 502 may be sought by Plaintiff herein as further stated below.

## JURISDICTION

2. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334(b).

3. This adversary proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. §157(b)(2).

4. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. §1391 and 1409.

## BACKGROUND

5. On June 12, 2015 (the "Petition Date"), the debtor, Holmes & Bahre Paint & Body, Inc. f/k/a Holmes & Bahre Paint & Body Engineering, Inc. filed a Chapter 7 voluntary petition.

6. John J. O'Neil, Jr. was appointed as Chapter 7 Trustee for the Debtor's Estate.

## CLAIMS FOR RELIEF

### COUNT 1

**(Avoidance of Post-Petition Transfers - 11 U.S.C. §549)**

1-6. Plaintiff incorporates Paragraphs 1-6 as if fully re-alleged herein.

2

      7.      By this Complaint, the Plaintiff is seeking to avoid all the transfers of an interest of the Debtor's property made by the Debtor to Defendant after the Petition Date.

      8.      Plaintiff has determined that the Debtor made the following transfers to the Defendant on or after the Petition Date:

| DATE | AMOUNT |
|---|---|
| June 12, 2015 | $ 643.52 |
| June 15, 2015 | $ 643.52 |
| June 16, 2015 | $ 643.52 |
| June 17, 2015 | $ 643.52 |
| June 18, 2015 | $ 643.52 |
| June 19, 2015 | $ 643.52 |
| June 22, 2015 | $ 643.52 |
| June 23, 2015 | $ 643.52 |
| | $ 5,148.16 |

(the "Transfers")

      9.      The Transfers were not authorized by the Trustee or by the Court.

      10.      In accordance with the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. §549(a).

## COUNT II

**(Recovery of Avoided Transfers -11 U.S.C. §550)**

1-10.      Plaintiff incorporates Paragraphs 1-10 as if fully re-alleged herein.

      11.      Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. §549(a).

      12.      Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the business entity for whose benefit all avoided Transfers were made.

13. Pursuant to 11 U.S.C. §550(a), Plaintiff is entitled to recover from Defendant the Transfers, plus interest thereon to the date of payment and the costs of this action.

## COUNT III

**(Disallowance of all Claims -11 U.S.C. §502(d) and (j))**

1-13. Plaintiff incorporates Paragraphs 1-13 as if fully re-alleged herein.

14. Defendant is an entity from which property is recoverable under 11 U.S.C. §550.

15. Defendant is a transferee of the Transfers avoidable under 11 U.S.C. §549.

16. Defendant has not paid the amount of the Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. §550.

17. Pursuant to 11 U.S.C. §502 (d), any and all Claims of Defendant and/or its assignee, against the Debtor's Chapter 7 Estate or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Transfers, plus interest thereon and costs.

18. Pursuant to 11 U.S.C. §502 (o), any and all Claims of Defendant, and/or its assignee, against the Debtor's Chapter 7 Estate or Plaintiff previously allowed by the Debtor or Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of all the Transfers.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant it the following relief against Defendant:

As to Counts I through III, that the Court enter a judgment against Defendant:

A. That the Transfers avoidable under 11 U.S.C. §§549 in the amount of $5,148.16 be avoided;

B. That the Transfers, to the extent that they are avoided pursuant to 11 U.S.C. §549, be recovered by Plaintiff pursuant to 11 U.S.C. §550;

C. Disallowing, in accordance with 11 U.S.C. §502 (d), any Claims held by Defendant and/or its assignee until Defendant satisfies the judgment;

D. Disallowing, in accordance with 11 U.S.C. §502 (o), any Claims held by Defendant and/or its assignee until Defendant satisfies the judgment;

E. Awarding pre-judgment interest at the maximum legal rate running from the date of each Transfer to the date of judgment herein;

F. Awarding post judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

G. Requiring Defendant to pay forthwith the judgment amount awarded in favor of Plaintiff; and

H. Granting Plaintiff such other and further relief as the Court deems just and proper.

**JOHN J. O'NEIL, JR., CHAPTER 7 TRUSTEE FOR THE ESTATE OF HOLMES & BAHRE PAINT & BODY, INC. f/k/a HOLMES & BAHRE PAINT & BODY ENGINEERING, INC.**

By: /s/ *Jeffrey Hellman*
Jeffrey Hellman (ct04102)
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th Floor
New Haven, CT 06510
203-691-8762
jeff@jeffhellmanlaw.com