B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>John J. O'Neil, Jr., Trustee | **DEFENDANTS**<br>On Deck Capital, Inc., Financial Agent Services as Agent for On Deck Capital, Inc., Simsbury Bank and Trust Company, State of Connecticut Dept. of Revenue Services |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Francis O'Neil LLC<br>255 Main Street<br>Hartford, CT 06106    860-527-3271 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

This action is being brough to determine validity, priority and extent of liens pursuant to 11 U.S.C. Section 506(c)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>Holmes & Bahre Paint & Body Engineering, Inc. | BANKRUPTCY CASE NO.<br>15-21045 ||
| DISTRICT IN WHICH CASE IS PENDING<br>Connecticut | DIVISION OFFICE<br>Hartford | NAME OF JUDGE<br>James J. Tancredi |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* |||
| DATE<br>12/21/17 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>John J. O'Neil, Jr. ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | |
|---|---|
| IN RE: | : CHAPTER 7 |
| | : |
| HOLMES & BAHRE PAINT & BODY ENGINEERING, INC. d/b/a HOLMES & BAHRE PAINT & BODY, INC. | : : : : CASE NO. 15-21045 (JJT) |
| Debtor | : : |
| JOHN J. O'NEIL, JR., TRUSTEE | : ADVERSARY PROCEEDING : NO. |
| Plaintiff | : |
| VS. | : |
| ON DECK CAPITAL, INC. FINANCIAL AGENT SERVICES SIMSBURY BANK & TRUST COMPANY STATE OF CONNECTICUT, DEPARTMENT OF REVENUE SERVICES | : : : : |
| Defendants | : |

COMPLAINT TO DETERMINE VALIDITY, PRIORITY
AND EXTENT OF SECURED CLAIMS

John J. O'Neil, Jr., Chapter 7 Trustee for Holmes & Bahre Paint &

Body Engineering, Inc. d/b/a Holmes & Bahre Paint & Body, Inc. Holmes &

Bahre Paint & Body Engineering, Inc. (the "Plaintiff", in support of this

complaint (the "Complaint") to determine the validity, priority and extent of liens held of record by State of Connecticut, Department of Revenue Services, On Deck Capital, Inc., Financial Agent Services and The Simsbury Bank & Trust Company (the "Defendants"), hereby alleges upon information and belief that:

### NATURE OF THE CASE

1. This complaint seeks to determine the validity, extent and nature of liens held by Simsbury Bank & Trust Company, State of Connecticut, Department of Revenue Services, On Deck Capital, Inc. and Financial Agent Services.

### JURISDICTION

2. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. This adversary proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. §157(b)(2).

4. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. §1391 and 1409.

### BACKGROUND

5. On June 12, 2015 (the "Petition Date"), the debtor, Holmes & Bahre Paint & Body Engineering, Inc. d/b/a Holmes & Bahre Paint & Body,

Inc. filed a Chapter 7 voluntary petition.

6. John J. O'Neil, Jr. was appointed as Chapter 7 Trustee for the Debtor's Estate.

7. At the time of the aforementioned filing, The Simsbury Bank & Trust Company claimed an interest in personal property of the debtor by virtue of a UCC-1 (#0002188929) dated March 3, 2003 and recorded in Volume 265 at Page 1934 of the records of the Connecticut Secretary of State.

8. On the aforementioned date, the State of Connecticut claimed a security interest in personal property of the debtor pursuant to a UCC-1 filing statement dated June 18, 2014 and recorded in Volume 523 at Page 286 of the Connecticut Secretary of State.

9. The defendant, On Deck Capital, Inc., on the aforementioned date, claimed a security interest in personal property of the debtor by virtue of a UCC-1 filing statement filed by Financial Agent Services dated May 15, 2015 and recorded in Volume 552 at Page 2492 of the records of the Connecticut Secretary of State.

10. Pursuant to an Order of this Court dated January 15, 2016, (ECF #56), the Trustee was authorized to sell equipment and office equipment utilized in the business of the debtor free and clear of liens. Said

liens to attach to the proceeds of sale subject to further order of this Court.

## ARGUMENT

11. The claim of the Simsbury Bank and Trust Company has upon information and belief been satisfied prior to filing. The UCC filing being last amended December 31, 2012 in Volume 477 at Page 2707 is no longer void.

12. On Deck Capital, Inc. claims an interest in said personal property by virtue of a UCC filing by its Agent, Financial Agent Services Inc. on May 14, 2015 in Volume 555 at Page 2452. Upon information and belief the security agreement supporting the interest of On Deck Capital, Inc. was executed by an employee of the debtor without authority who subsequently post petition transferred also without authority a major portion of the funds advanced per judgment of this Court dated November 30, 2016.

13. The State of Connecticut has claimed a security interest in personal property of the Debtor pursuant to a UCC-1 Filing Statement dated June 18, 2014 and recorded in Volume 523 at Page 286 of the records of the Connecticut Secretary of State. The claim of the State of Connecticut is upon information and belief prior in time and right to claims of the Simsbury Bank and Trust Company and On Deck Capital, Inc.

## RELIEF SOUGHT

WHEREFORE, the Plaintiff, Trustee requests that this Court enter an Order

Disallowing as secured the claims of On Deck Capital, Inc. as secured by Financial Agent Services and Simsbury Bank and Trust Company; and

Allow the claim of the State of Connecticut, Department of Revenue Services as the sole valid secured claim to the proceeds from the sale of the personal property of the debtor.

                                            PLAINTIFF
                                            JOHN J. O'NEIL, JR., TRUSTEE

By:   /s/ John J. O'Neil, Jr.
        John J. O'Neil, Jr.
        Francis O'Neil LLC
        255 Main Street
        Hartford, CT 06106
        Telephone: 860-527-3271